**IT IS ORDERED as set forth below:**



Date: August 25, 2023

_____
Susan D. Barrett
United States Bankruptcy Judge
Southern District of Georgia

_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE:<br>MAX ROLANDO HOFFMAN,<br><br>    Debtor. | ))))))) | Chapter 13 Case<br>Number 20-10941 |
| MAX ROLANDO HOFFMAN,<br><br>    Plaintiff<br>v.<br><br>WBL SPO I, LLC and AXOS BANK,<br><br>    Defendants. | ))))))))))))) | Adversary Proceeding<br>Number 21-01008 |

## OPINION AND ORDER

Before the Court is the Final Motion to Disallow Plaintiff's Seventh Amended Complaint, or in the Alternative to Dismiss Adversary Proceeding filed by WBL SPO I, LLC and Axos Bank ("Defendants"). Dckt. No. 61. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K) and

the Court has jurisdiction under 28 U.S.C. §1334. At the hearing, counsel for Max Rolando Hoffman ("Plaintiff") orally dismissed Court II of his complaint. For the following reasons, the remaining Count also is dismissed.

## FINDINGS OF FACT

This adversary proceeding seeks to have the business loan between Defendants and The Hoffman South Group, LLC ("the Hoffman Group") and accompanying guaranty from Plaintiff declared invalid as predatory and unconscionable. Dckt. No. 58. Plaintiff amended his complaint five times before Defendants' first motion to dismiss was filed. See Dckt. Nos. 3, 12, 14, 17, 19, and 27. At the hearing held on the first motion to dismiss, the Court allowed the Plaintiff to file another amended complaint. Thereafter, Plaintiff amended his complaint a sixth and seventh time and Defendants filed their final motion to dismiss. Dckt. Nos. 45, 49, 58, and 61.

The Seventh Amended Complaint states the following in relevant part:

**INTRODUCTION AND JURISDICTION**
.
.
.

4. On January 11, 2021 [Defendants] filed PoC 7 in the amount of $464,901.44. (PoC 7).

5. PoC 7 is overstated in the amount of $291,263.59.

6. According to PoC7, Plaintiff was loaned $195,000 secured by property located on 4745 Mike Padgett Hwy, Augusta GA 30906 ("The Property"). According to the Richmond County Tax Assessors information[, the] Property is valued at $417,061.00. When the money was loaned to Plaintiff by Defendants, there was significant equity in The Property.

7. The loan is predatory in nature. The annual interest rate stated on PoC7 is an unconscionable 83.70% where there is a secured asset with significant equity. As stated on PoC7, Plaintiff is being assessed $179,189.95 in interest and $112,073.64 in costs where the principal balance is $173,637.85.

**COUNT I: VALIDITY, PRIORITY, AND EXTENT OF POC7 PURSUANT TO FRBP 7001(2)**

.
.
.

9. Defendants' predatory loan and unconscionable interest rate render it invalid.

10. Under Nevada law, the appropriate analysis to determine whether a loan is substantively unconscionable is whether the terms of the contract are "overly harsh or one-sided". Henderson v. Watson (Nev. 2015). The contract required weekly payments of approximately $4,400 (or monthly payments of approximately $20,000. (PoC 7.) According to his voluntary petition, in 2018 Mr. Hoffman had business income of $18,000.00 and Social Security income of $13,900; in 2019, he had business income of $18,000 and Social Security income of $14,000. Mr. Hoffman's annual income would barely have been sufficient to pay the monthly payments of approximately $20,000. That payment required in light of his income can only be characterized as overly harsh. The loan was doomed from the date it was signed.

11. In addition to being substantively unconscionable the loan contract was procedurally unconscionable. "The procedural element of unconscionability focuses on two factors: oppression and surprise." Bruni v. Didion, 73 Cal. Rptr. 3d 395, 160 Cal. App. 4th 1272 (Cal. App. 2008) (quoted in Henderson v. Watson; citation omitted). According to the court in Bruni, oppression "arises from an inequality of bargaining power which results in no real negotiation". Mr. Hoffman had unequal bargaining power vis-a-vis Defendants. Defendants took advantage of Mr. Hoffman's financial situation and forced him to accept loan terms that are unconscionable. The four corners of the loan application along with the income he disclosed in his voluntary petition show that he was unable to service the loan and that it is oppressive on its face – and therefore procedurally unconscionable.
.
.
.
.

Dckt. No. 58, Seventh Amended Complaint.

Defendants argue the loan is valid and enforceable under Nevada law as Nevada has no usury law since this is a business loan to a corporation, the Hoffman Group, and the consumer protection laws do not apply. Both parties acknowledge Nevada law is the applicable law and that Plaintiff must show both procedural and substantive unconscionability to succeed.

3

Defendants contend Plaintiff has failed to state a claim for unconscionability and argue the promissory note ("Note") clearly informs the borrower, the Hoffman Group, that this is a business loan with higher costs than other loans and advises the borrower to consider all costs and fees before agreeing to the terms of the loan. Specifically, Paragraph 1 of the Note states in bold type in relevant part:

> **The business loan represented by this Loan Agreement is a higher cost loan than business loans which may be available through other sources. Before signing this Loan Agreement, Borrower should fully consider all costs and fees associated with this business loan.**

Underlying Ch. 13 Case No. 20-10941, Proof of Claim 7-3, Business Promissory Note and Security Agreement, ¶1.

Defendants further highlight the following Note provision also appearing in bold type directly above borrower's signature, where borrower acknowledges it understands all the loan provisions and after the opportunity to consult with other lenders, an attorney, accountant, or other competent professionals of its choice, is willfully and voluntarily agreeing to the loan terms:

> **BEFORE SIGNING THIS LOAN AGREEMENT, BORROWER READ AND UNDERSTOOD ALL OF THE PROVISIONS HEREOF. AFTER DUE CONSIDERATION AND THE OPPORTUNITY TO CONSULT WITH OTHER LENDERS (OR OTHER FINANCING SOURCES) AND WITH AN ATTORNEY, ACCOUNTANT OR OTHER COMPETENT PROFESSIONAL OF ITS CHOICE, BORROWER KNOWINGLY, WILLFULLY AND VOLUNTARILY AGREES TO THE TERMS OF THIS LOAN AGREEMENT.**

Id. at p. 18.

Given the nature of the pleadings, Defendants argue Plaintiff has failed to state a valid claim and request the complaint be dismissed.

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 12(b)(6)[1] provides that a complaint should be dismissed where it appears that the facts alleged fail to state a plausible claim for relief. Ashcroft v Iqbal, 556 U.S. 662, 678 (2009). "In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." Speaker v. U.S. Dept. of Health and Hum. Servs. Ctrs. for Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010). To survive a motion to dismiss for failure to state a claim, "heightened fact pleading of specifics [is not required]," instead, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Count I of the Seventh Amended Complaint alleges the loan between the Hoffman Group and Defendants and accompanying guaranty from Plaintiff are predatory and unconscionable; and therefore the loan is invalid and the guaranty should be reduced to zero. The parties acknowledge the terms of the loan are controlled by Nevada law which has no usury statute for business loans. "Generally, [for business loans applying Nevada law] both procedural and substantive unconscionability must be present in order for a court to exercise its discretion to refuse to enforce a contract or clause as unconscionable." Burch v. Second Jud. Dist. Court, 49 P.3d 647, 650 (Nev. 2002). "While both forms of unconscionability must be present for a contract to be deemed

---

[1] Made applicable to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7012.

unenforceable, they can be present on a sliding scale, meaning 'the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.'" Henderson v. Watson, 2015 WL 2092073, at * 1 (Nev. Apr. 29, 2015)(citation omitted)(unpublished disposition).

Defendants argue the Seventh Amended Complaint fails to state a claim for procedural and substantive unconscionability. "[A] contract term is procedurally unconscionable if a party does not have the opportunity to agree to the contract term either because (1) the contract is an adhesion contract, or because (2) the terms are not readily ascertainable upon a review of the contract." CVSM, LLC v. Doe Dancer V, 2019 WL 978679, at *3-4 (Nev. Feb. 25, 2019)(internal citations and quotation marks omitted)(unpublished disposition). "In analyzing procedural unconscionability, the circumstances surrounding the formation and negotiation of the contract are relevant, with a focus on whether there was an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice or whether a party may be surprised by the unconscionable term, meaning the supposedly agreed-upon terms of the bargain are hidden in a prolix printed form drafted by the party seeking to enforce the disputed terms." Henderson, 2015 WL 2092073, at *2 (internal quotations omitted). Where a contract "allow[s] for negotiation. . . it is not unconscionable as an adhesion contract." Dancer, 2019 WL 978679, at *2. Furthermore "[a] provision's terms are not readily ascertainable if it is presented or negotiated in a way that conceals the terms' meaning. For example, if the contract terms are inconspicuous – that is, if the [term being challenged] is in fine print or buried in an endnote or exhibit [it may be unconscionable.]" Id. (citations omitted).

Defendants argue the Seventh Amended Complaint fails to plead any allegations of procedural unconscionability. After a hearing and review of the complaint, the Court agrees the

6

complaint fails to state facts sufficient to show procedural unconscionability. The complaint states Plaintiff had unequal bargaining power and was forced to accept the loan terms when his income disclosed on the loan application and bankruptcy petition show he could not service the loan. Dckt. No. 58. However, as Defendants point out, Plaintiff is not the borrower, Plaintiff's corporation, the Hoffman Group, is the actual borrower. Furthermore, this is a business loan so many of the consumer protection laws do not apply. Finally, the complaint's bare conclusory statements do not assert facts of how the bargaining power was unequal or how Plaintiff was forced to accept the terms without negotiations especially when the Note acknowledges in boldface the high costs and states in all capitalized boldface letters that borrower had opportunity to obtain an attorney or other competent professional and is entering the loan willingly.

The complaint fails to set forth any facts on contract formation, negotiation, and execution, or to point to any terms that are inconspicuous, or that could be a surprise to Plaintiff. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Ashcroft, 556 U.S. at 678 (internal citations and punctuation omitted); see also Kim v. Wells Fargo Home Mortg. Inc., 2010 WL 4683732, at *4 (D. Nev. Nov. 9, 2010)(pleading unequal bargaining power is not enough to state a claim for procedural unconscionability); Dancer, 2019 WL 978679, at *2 (the court looked to see if the negotiation or presentation of the terms of the contract concealed its meaning). In this case, other than bare assertions, there are no factual allegations of adhesion or how the Plaintiff was forced to accept the terms of the loan. Furthermore, the loan terms are conspicuous and in bold type and inform the borrower that this is a higher-than-normal loan and to consider all costs before executing the loan.

For these reasons, the Court finds the complaint fails to state a claim for procedural

unconscionability. Because Plaintiff's Complaint fails to state a claim for procedural unconscionability, the cause of action is dismissed and the Court need not address the substantive unconscionability prong. See Villa v. First Guar. Fin. Corp., 2010 WL 2953954 *5 (D. Nev. July 23, 2010)(where procedural unconscionability is implausible, unconscionability cause of action must be dismissed even assuming loan was substantively unconscionable); Dancer, 2019 WL 978679, at *3 (under Nevada law both procedural and substantive unconscionability are required to invalidate a contract).

For these reasons, it is ORDERED that the Defendants' motion is GRANTED as to all Counts and the Plaintiff's Seventh Amended Complaint is DISMISSED.